UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

INTERNATIONAL ASSOCIATION OF
HEAT & FROST INSULATORS AND
ASBESTOS WORKERS, Local #8,
        Plaintiff,                        Civil Action No. 1:03-cv-620

vs.

KEITH DOERMAN,                    **ORDER**
        Defendant.                     (Hogan, M.J.)

      Plaintiff, International Association of Heat & Frost Insulators and Asbestos Workers, Local #8 (Asbestos Workers #8), brings this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against defendant Keith Doerman, a member of Asbestos Workers #8. This matter is before the Court on defendant's motion to dismiss (Doc. 24), plaintiff's response thereto (Doc. 28), and defendant's reply memorandum. (Doc. 29).

      Plaintiff's complaint alleges claims of breach of the labor organization's constitution and by-laws and breach of contract under state law. The complaint alleges that defendant Doerman, in violation of the union's constitution and by-laws, performed work for a company which did not have a collective bargaining agreement with Asbestos Workers #8. An internal union hearing was held on charges against defendant for the alleged violation. The union's executive board determined that defendant violated the union's constitution and by-laws and fined him $10,000.00. The complaint alleges that defendant failed to timely appeal the decision and to pay the fine imposed. Plaintiff instituted this federal court action seeking a finding that defendant violated his contract of membership in the union by failing and refusing to pay the fine, judgment against defendant in the amount of $10,000.00, and an award of post-judgment

interest. (Doc. 1).

Defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of federal jurisdiction. Plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. *See Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Where the allegations in the complaint are insufficient to show that the federal court has jurisdiction over the subject matter, the motion under Rule 12(b)(1) should be granted.

Plaintiff contends this Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). That provision provides in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties. . . .

29 U.S.C. § 185(a).

Under the plain language of the statute, this Court lacks jurisdiction. Federal jurisdiction is conferred only upon claims of contract violations between employers and labor organizations, or between labor organizations, such as an international union and its locals. See *Wooddell v. IBEW*, 502 U.S. 93, 98 (1981)("a suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce or for violation of a contract between such labor organizations")(citing *Smith v. Evening News Assn.*, 371 U.S. 195, 200-201 (1962)). Defendant is neither an employer nor a labor organization. Moreover, the statute does not provide jurisdiction over claims brought by labor organizations against its individual members. Thus, the plain terms of the statute do not support jurisdiction over a labor organization seeking to recoup a fine levied against one of its members as in this case.

Nevertheless, citing *Plumbers and Pipefitters v. Plumbers and Pipefitters, Local 334*, 452 U.S. 615 (1981) and *Wooddell v. IBEW*, 502 U.S. 93 (1981), plaintiff contends the International Union Constitution, which defendant is alleged to have breached, is a "contract between labor organizations" within the meaning of Section 301 and therefore this Court has subject matter jurisdiction over this dispute.

In *Plumbers*, a local union sued the international union of which it was a part alleging a violation of the international constitution by the international union. The Supreme Court found federal jurisdiction under § 301 holding that the constitution was a "contract between labor organizations" within the meaning of § 301. In *Wooddell*, the Supreme Court held that a district court's subject-matter jurisdiction under § 301 extends to suits by an individual union member against a local union alleging a breach of the international union's constitution by the local union. In that case, the plaintiff union member sued as a third party beneficiary for a breach by the local union of provisions of its constitution with the parent union. The Supreme Court found subject matter jurisdiction under section 301 reasoning:

> [U]nion constitutions are an important form of contract between labor organizations. Members of a collective-bargaining unit are often the beneficiaries of such interunion contracts, and when they are, they likewise may bring suit on these contracts under § 301.
>
> If they could not, unacceptable consequences could ensue. There is no doubt that IBEW could sue under § 301 to enforce Local 71's contract with IBEW and there is no doubt that such a suit would be governed by federal law. If suit by an employee to enforce an interunion contract is not authorized by § 301 and the employee is remitted to state court and to state law, it is plain that the same contract terms might be given different meanings based solely on the identity of the party. This would exert the disruptive influence our cases have spoken of.

502 U.S. at 101-102.

Plaintiff contends that the rationale of *Wooddell*, the avoidance of inconsistent

interpretations of contract terms under state and federal law, compels a finding of federal jurisdiction in this matter where a local union sues an individual union member alleging a breach of the International Union's Constitution.  However, plaintiff has not cited any cases in which a federal court has extended *Wooddell* to allow a federal action to enforce a fine against an individual union member where the individual member is alleged to have breached the international union's constitution.  Rather, the courts which have addressed this issue have held that federal jurisdiction does not extend to such suits because the dispute in question does not involve a dispute "between labor organizations" within the meaning of § 301.  *See International Brotherhood of Electrical Workers, Local Union No. 53 v. McPhetridge*, 2004 W.L. 3254739, *2 (W.D. Mo. 2004); *International Brotherhood of Electrical Workers, Local 640 v. Dueck*, 148 F. Supp.2d 955, 963 (D. Ariz. 2000); *International Union of Operating Engineers Local Union No. 17 v. Lexo,* 918 F. Supp. 69, 73-74 (W.D.N.Y. 1995); *Baltimore Mailers Union No. 888 v. Moore*, 881 F. Supp. 217, 218 (D. Md. 1995).  For example, in *Moore*, the Court held that § 301 does not permit a federal court action by a union against individual union members for back dues. *Id*.  The Court stated:

> *Wooddell* . . . only goes down a one-way street. That is, it was uniformly held before *Wooddell* was decided that Section 301 does not confer federal jurisdiction over suits seeking contract damages against an individual member for breach of, e.g., a union constitution. *Bldg. Material & D. TR. DR., Local 420 v. Traweek*, 867 F.2d 500, 508 (9th Cir. 1989).  The same result has been reached post-*Wooddell*. *Shea v. McCarthy*, 953 F.2d 29, 32 (2d Cir. 1992) (holding that only equitable claims may be asserted against individual members in suit by union for breach of union constitution).

*Moore*, 881 F. Supp. at 218.  Likewise, in *Dueck*, the court distinguished *Wooddell* from a case where the union sued an individual member in state court to collect a fine for a breach of the membership agreement, and the defendant member removed the action to federal court:

4

> Unlike the plaintiff in *Wooddell*, Defendant has not charged that any breach of IBEW's Constitution violates a contract between two labor organizations. *See also Commer v. District Council 37, Local 375*, 990 F. Supp. 311, 321 n. 13 (S.D.N.Y. 1998) ("The Supreme Court in *Wooddell* held that the subject-matter jurisdiction conferred on the district courts by [Section 301] of the LMRA extends to suits on unions constitutions brought by individual union members. The suits at issue, however, were grounded on contractual obligations among unions found within the union constitution. *Wooddell* does not apply, as here, to claims where the purported contractual agreement is between the individual member and the union."). . . .  In contrast, Defendant has not raised any argument that this case involves a question of whether Local 640 violated any contractual agreement with IBEW encompassed in the IBEW Constitution.

*International Broth. of Elec. Workers, Local 640 v. Dueck*, 148 F. Supp.2d 955, 963 (D. Ariz. 2000).

The complaint in the instant case, unlike *Wooddell*, does not require any determination of whether the local union violated any contractual obligation owed to the parent union as contained in the International Constitution.  Rather, the issue raised by the complaint in this case is whether defendant, a union member, violated the provisions of the International Constitution.  Nor does the dispute in the instant case require this Court to interpret the terms of the International Union's Contract or the contractual obligations between the International Union and Asbestos Workers #8, which would implicate the Supreme Court's concern for "unacceptable consequences" resulting from inconsistent interpretations of individual contract terms "under state and federal law [which] would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Wooddell*, 502 U.S. at 101, citation omitted.  While plaintiff goes to great lengths to explain the substantive provisions of the International Union's Contract by which defendant is allegedly bound (Doc. 28, 6-8), the dispute in this case does not require an interpretation of any of those provisions, the basis under *Wooddell* for exercising jurisdiction under § 301 over actions by members as beneficiaries under

union constitutions.  Plaintiff does not request the Court to interpret or otherwise consider any of the underlying breaches of the International Constitution, but only to enforce the fine already determined.

The only breach of contract alleged by plaintiff is defendant's breach of the alleged obligation to pay the $10,000.00 fine imposed by the union at its own internal hearing.  By plaintiff's own assertion, the only determination for this Court is whether the fine imposed upon defendant Doerman was "reasonable." (Doc. 28 at 11).  State law governs the question of reasonableness of union fines and state courts are the proper forum to assess the reasonableness of union fines. *NLRB v. Boeing Co.*, 412 U.S. 67, 74 (1973).  *See also Local Lodge 1297, International Assn. of Machinists & Aerospace Workers v. Allen*, 22 Ohio St.3d 228, 232, 490 N.E.2d 865, 869 (1986).  The Ohio state courts routinely exercise jurisdiction over the collection of union fines.  *See, e.g., International Brotherhood of Electrical  Workers, Local Union No. 8 v. Gromnicki*, 139 Ohio App.3d 641, 745 N.E.2d 449 (2000); *International Brotherhood of Electrical Workers v. Smith,* 76 Ohio App.3d 652, 602 N.E.2d 782 (Ohio App. 6 Dist. 1992); *Local Union No. 4320, Comm. Workers of America v. Carroll*, 70 Ohio App.3d 837, 592 N.E.2d 894 (Ohio App. 10 Dist. 1990); *International Brotherhood of Electrical Workers Local Union 573 v. Smith,* 127 Ohio Misc.2d 77, 805 N.E.2d 1153 (Trumbull Com. Pls. 2003).  "[I]t is clear that lawsuits brought by unions to collect fines imposed on union members for violations of union rules constitute actions for breach of contract and are governed by state contract law principles.  Accordingly, such actions do not arise under federal law and are properly brought in state court." *Dueck*, 148 F. Supp.2d at 961, citations omitted.  *See McPhetridge*, 2004 W.L. 3254739, *2.

Moreover, plaintiff's complaint is barred by Section 301(b) of the Labor Management Relations Act because it is a suit seeking damages against an individual union member. Section 301(b) provides:

> Any labor organization which represents employees in an industry affecting commerce as defined in this chapter and any employer whose activities affect commerce as defined in this chapter shall be bound by the acts of its agents. Any such labor organization may sue or be sued as an entity and in behalf of the employees whom it represents in the courts of the United States. Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets.

29 U.S.C. § 185(b). In *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401 (1981), the Supreme Court held that section 301(b) does not sanction damages actions against individual employees for violating the no-strike provision of a collective-bargaining agreement, whether or not their union participated in or authorized the strike. *See Id.* at 407, 415-16. While acknowledging that § 301(b) prohibits actions for damages against individual union members, plaintiff nevertheless contends that section 301(b) does not automatically deprive the court of jurisdiction over cases involving an individual member alleged to have violated a union constitution. (Doc. 28 at 9). However, the cases cited by plaintiff in support of its argument permitting actions against individuals involved only equitable claims under section 301 against individual union officers or agents arising from their local union duties in violation of union constitutions, and not the recovery of damages from any individual union members. *See International Brotherhood of Boilermakers v. Olympic Plating Indus., Inc.*, 870 F.2d 1085, 1088 (6th Cir.1989)(court has jurisdiction to enforce a trusteeship imposed by a labor organization over a subordinate affiliate); *International Union of Electronic, Electrical, Salaried, Machine & Furniture Workers, AFL-CIO v. Statham*, 97 F.3d 1416 (11th Cir. 1996)(§ 301 jurisdiction found over contract suits "between

7

any . . . labor organizations" in union's claim against former union officers for breach of union constitution where union expressly limited its claim to seek only equitable relief); *Shea v. McCarthy*, 953 F.2d 29, 32 (2d Cir. 1992)(individual defendant union officer may be sued alone without also joining a union as defendant under section 185(a) for violating the union constitution, as long as the relief sought is equitable, not legal).

Finally, plaintiff contends its lawsuit to enforce the union executive board's fine against defendant is more akin to an action to enforce an arbitration award than to a suit for money damages which is barred. District courts have jurisdiction to specifically enforce arbitration *clauses* found in collective bargaining agreements. *See Textile Workers Union of America v. Lincoln Mills of Alabama,* 353 U.S. 448 (1957)(district court had authority under § 301 to order an employer to comply with the grievance arbitration provisions of a collective bargaining agreement). However, the Court would still lack federal jurisdiction under § 301 to enforce an arbitration award because such a suit amounts to action for damages which is barred under the Supreme Court's decision in *Reis*. *See United Food and Commercial Workers Local 951, AFL-CIO and CLC v. Mulder*, 31 F.3d 365, 370 (6th Cir. 1994), *cert. denied*, 513 U.S. 1148 (1995).

Plaintiff has failed to meet its burden of demonstrating subject matter jurisdiction under

section 301.   Accordingly, defendant's motion to dismiss is hereby **GRANTED**.

    **IT IS SO ORDERED**.


Date:  4/18/2005                           s/Timothy S. Hogan
                                                           Timothy S. Hogan
                                                           United States Magistrate Judge